## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMUEL A. MAGLIARI, JR.<br>　*Petitioner*, | :<br>:<br>: | |
| v. | : | Case No. 3:25-CV-121 (OAW) |
| WARDEN REIS, et. al.,<br>　*Respondents*. | :<br>:<br>: | |

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

　　This action is before the court on Respondents' Motion to Dismiss, ECF No. 21, a petition for writ of habeas corpus filed by Petitioner Samuel A. Magliari, Jr., pursuant to 28 U.S.C. § 2254.  Petitioner, a self-represented inmate incarcerated at the MacDougal-Walker Correctional Institution, challenges several felony and misdemeanor convictions (for crimes such as tampering with witnesses and physical evidence, and harassment), and his state sentence of ten years suspended after the service of one year in prison, followed by five years of probation (whereas he was exposed to nearly fifty years in jail), imposed at Connecticut Superior Court in 2024, following a jury trial.  *See* ECF Nos. 1; 22-1, at 79–80, 86–92.

　　After thorough review, the court finds that Petitioner has failed to exhaust his remedies in state court—a pre-requisite for filing a federal writ of habeas corpus—and that even if he had, his petition would be dismissed because his claims are unintelligible. Accordingly, Respondents' Motion to Dismiss, ECF No. 21, is **GRANTED** and Petitioner's writ of habeas corpus is **DISMISSED without prejudice.**  All other pending motions are **DENIED as moot.**

**I.     BACKGROUND**

In June of 2024, a jury found Petitioner guilty of various state crimes by way of conduct from various incidents in 2019 and 2021 which were consolidated for trial.[1] ECF No. 22 at 1–2. A few days before his August 2024 sentencing, Petitioner filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an injunction seeking dismissal of all additional offenses alleged to have occurred in May and June of 2024. *See Magliari v. White*, No. 24-cv-1333-VAB (D. Conn. Aug. 19, 2024), at ECF No. 6 at 1; *see also* https://www.jud2.ct.gov/crdockets/parm1.aspx (listing four cases awaiting disposition with an upcoming state court date scheduled for March 19, 2026).

The court (*Hon. Victor A. Bolden, USDJ*) issued an order to show cause, instructing Petitioner to explain why the action should not be dismissed for failure to exhaust state court remedies. *White*, No. 24-cv-1333-VAB, at ECF No. 6. Petitioner timely complied, *id.* at ECF No. 7, but the court dismissed Petitioner's writ without prejudice (for lack of

---

[1] Respondents refer to the Connecticut Judicial Branch website for a record of Petitioner's convictions. Mot., ECF No. 22 at 2 n.2. The court may take judicial notice of state court records. *Velasco v. Gonclavez*, No. 21-CV-1573, 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003). A review of such state records confirms that Petitioner was convicted of the crimes enumerated in Respondents' Memorandum. *See* State of Connecticut Judicial Branch, https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=dbccbf06-0b1e-4e15-8b78-6b172df8ba83 (docket number F02B-CR19-197097-T) (last visited Jan. 22, 2026). Of note, four of Petitioner's five criminal cases were consolidated and transferred before trial, from Stamford to Bridgeport Superior Court, where Petitioner was found guilty of nine of ten charges. *See* ECF No. 22-1 at p. 86; *see also* https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=dbccbf06-0b1e-4e15-8b78-6b172df8ba83 (docket number F02B-CR19-197097-T) (last visited Jan. 22, 2026) (listing convictions for Breach of Peace in the Second Degree through violent or threatening behavior in a public place, in violation of § 53a-181(a)(1) of the General Statutes of Connecticut; three counts of Tampering with Physical Evidence, in violation of Conn. Gen. Stat. § 53a-155(a)(2); three counts of Tampering with a Witness, in violation of Conn. Gen. Stat. § 53a-151; Harassment in the second degree, in violation of Conn. Gen. Stat. § 53a-183(a)(2); and, Breach of Peace in the Second Degree through publishing offensive material, in violation of Conn. Gen. Stat. § 53a-181(a)(4)).

exhaustion) and dismissed his injunction as moot. *See id.* at ECF No. 9. Thereafter, the case was terminated. *Id.*

A few months after dismissal of that case, Petitioner filed the instant action. ECF No. 1. The undersigned rendered an order to show cause, instructing Respondents to file responsive briefing. ECF No. 18. Respondents timely filed a motion to dismiss, alleging that the claims in Petitioner's writ are unintelligible, and thus that they fail to comply with Rule 2(c) of the Rules Governing § 2254 Cases, that Petitioner failed to comply with a prior court order in *Magliari v. White*, and that Petitioner failed to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). *See* ECF No. 21 at 1.

In his reply, Petitioner alleges he appealed his conviction to the Connecticut Appellate Court in June of 2024, filed writs of habeas corpus in the Stamford Superior Court in August and September of 2024, and that each writ was "willfully disregarded constituting 'judicial abandonment' and judicial default hereby constituting grounds to release [Petitioner]… immediately.'" *See* ECF No. 26 at pp. 1–2.

Since filing the instant writ, ECF No. 1, Petitioner has filed ten additional motions in this action, requesting immediate release from incarceration, an emergency hearing, and dismissal of "past & present" charges. ECF Nos. 12, 14–17, 24, 25, 27, 30, 31, 32.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(6)

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the same standard it applies when reviewing a 12(b)(6) motion to dismiss under

3

the Federal Rules of Civil Procedure. *Spiegelmann v. Erfe*, No. 17-CV-2069, 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018). To survive a motion to dismiss, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a petition must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed his habeas petition *pro se*, the court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Despite the special solicitude that the court must show [a petitioner] out of consideration for his *pro se* status, [however], his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 15-CV-1364, 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (citation modified).

When considering a motion to dismiss, courts typically consider only the complaint or the petition. *Lopez v. Quiros*, No. 3:22-CV-565 (SVN), 2023 WL 2384112, *3 (D. Conn. Mar. 6, 2023). The petition "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to the petition. *Id.* (citing *Chambers v. Time Warner,*

*Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citation modified)); *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005); *see also Fulcher v. Connecticut*, No. 23-CV-570, 2025 WL 2403041, at *3 (D. Conn. Aug. 19, 2025) (taking judicial notice of habeas petitioner's state cases).

### B. Exhaustion of State Court Remedies

State prisoners who seek federal habeas relief are required to exhaust all available state court remedies, "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation modified).  *See also* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The exhaustion "requirement ... serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state's highest appellate court to "alert[] that court to the federal nature of the claim."  *Baldwin*, 541 U.S. at 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  A petitioner does not fairly present his federal claim to the state's highest appellate court if that court "read[s] beyond"

the filing to "find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.  More specifically, petitioners are required to apprise the state's highest appellate court of the factual and legal premise of their claim(s) by setting forth "all of the essential factual allegations," and raising "essentially the same legal doctrine" that was raised in the state's highest court.  *Lopez v. Quiros*, No. 3:22-CV-565 (SVN), 2023 WL 2384112, *3 (D. Conn. Mar. 6, 2023) (citing *Daye v. Attorney Gen. of Stat of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982) (citation modified)).

A narrow exception to the general exhaustion requirement applies if a petitioner demonstrates exhaustion would be futile.  *See Duckworth*, 454 U.S. at 3.  Exhaustion is futile when "there is an absence of [an] available State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief."  *Jumpp v. Cournoyer*, No. 15-CV-00892, 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (emphasis in original) (citing *Duckworth*, 454 U.S. at 3).

### III. DISCUSSION

#### A. Failure to Exhaust State Court Remedies

Petitioner alleges that he moved for a mistrial in state court on August 5th, 2024, and that he tried to appeal that action to the Connecticut Appellate Court, but that his

appeal was returned without explanation. ECF No. 1 at 10. Respondents allege the Connecticut Appellate Court returned Petitioner's documents because he submitted a "United States District Court Complaint form and miscellaneous documents" that did not comply with Connecticut rules and that "there was no provision in the Connecticut Practice Book for filing" those documents. ECF No. 22, at p. 8 (citing Oct. 8, 2024, Letter, App. B, ECF No. 22-2 at 2).

Petitioner also alleges he filed writs of habeas corpus in Stamford Superior Court in August and September of 2024, and that each such writ was "willfully disregarded constituting 'judicial abandonment' and judicial default hereby constituting grounds to release [Petitioner]… immediately.'" *See* ECF No. 26 at pp. 1–2.

Respondents argue that, in contravention of Judge Bolden's October 8, 2024, order in *Magliari v. White*, No. 24-cv-1333-VAB (D. Conn. Aug. 19, 2024), ECF No. 6, Petitioner has not appealed his conviction in the Connecticut state courts, nor has he initiated a writ of habeas corpus in that venue. *See* ECF No. 22 at 3, 8. A search of Connecticut Superior Court, Appellate Court, and Supreme Court records confirms that Petitioner has not appealed any of his claims nor has he petitioned for a writ for habeas corpus.[2] Accordingly, the court finds that Petitioner has not exhausted his state court remedies.

---

[2] See State of Connecticut Judicial Branch Criminal/Motor Vehicle Convictions Name Summary, https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (last visited Jan. 22, 2026); see also State of Connecticut Judicial Branch Superior Court Case Look-up, https://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited Jan. 22, 2026); State of Connecticut Judicial Branch, Supreme and Appellate Court Case Detail, https://appellateinquiry.jud.ct.gov/CaseDetail.aspx?CRN=42409&Type=CaseName (last visited Jan. 22, 2026) (noting only one case under the name "Magliari," which appears irrelevant to this search).

But even if Petitioner had properly submitted his claims for state appellate review, it is unlikely that he could have finalized his appeal and exhausted his state remedies between October 8th, 2024 (the date that Judge Bolden dismissed Petitioner's prior habeas petition for failure to exhaust), and January 16th, 2025 (when Petitioner filed the instant petition).  *See Magliari v. White*, No. 24-cv-1333-VAB (D. Conn. Aug. 19, 2024), ECF No. 6, at p. 3 (explaining that exhaustion of state court appellate remedies is a prerequisite to filing a federal habeas petition and because he "Mr. Mr. Magliari was only recently sentenced, there also is no possibility that he has appealed the conviction").

Furthermore, Petitioner has not argued that exhaustion is futile, nor does the record suggest that Petitioner should be excused from his exhaustion obligation because he lacks an "opportunity to obtain state court redress" or that the Connecticut appellate "corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3; 28 U.S.C. § 2254(b)(1)(B).

Accordingly, Respondents' motion to dismiss must be granted and Petitioner's federal habeas petition must be dismissed without prejudice because it contains only unexhausted claims.  *See Kaddah v. Lee,* No. 08-CV-519, 2008 WL 4534264, at *2 n.2 (D. Conn. Oct. 7, 2008) (concluding that habeas petition containing only unexhausted claims "is not a mixed petition and must be dismissed"); *Schlosser v. Quiros*, No. 22-CV-1620, 2023 WL 7300564, at *8 (D. Conn. Nov. 6, 2023) (concluding that "fully unexhausted" habeas petition "must be dismissed without prejudice"); *see also Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *4–5 (D. Conn. 2021).

**B. <u>Rule 2(c) of the Rules Governing § 2254 Cases</u>**

In addition to seeking dismissal for a lack of exhaustion, Respondents also contend Petitioner's writ fails to comply with Rule 2(c) of the Rules Governing § 2254 Cases because Petitioner's claims are unintelligible. *See* ECF No. 21 at 1.

Under Rule 2(c), a "petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. . . ."

Even when construing Petitioner's writ "liberally… to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the court agrees with Respondent that Petitioner's writ—which is approximately 44 pages and contains 138 pages of exhibits—is largely indiscernible[3] and does not comply with Rule 2(c) of the Rules Governing § 2254 Cases because it does not set forth intelligible constitutional claims with supporting factual assertions. *See Jackson v. Albany Appeal Bureau Unit,* 442 F.3d 51, 54 (2d Cir. 2006) (upholding district court's dismissal of habeas petition pursuant to Rule 2(c) where petition was unintelligible).

---

[3] While Petitioner's claims are largely indiscernible and do not appear to be cognizable under § 2254, the court liberally construes Petitioner's petition as stating that (1) his arrest was a false arrest based on a false sworn statement conspiracy with Stamford police and city engineers without the elements to charge for the crime, ECF No. 1 at 16; (2) his Due Process rights were violated because his habeas state court was not an Article III court and he did not receive a grand jury and probable cause hearing, *id.* at 18; (3) he was discharged from being illegally incarcerated at Whiting Forensic Hospital with six-weeks of forced drugging, *id.* at 20; and (4) he is a victim of multiple false arrests, assaults, battery, and kidnapping, *id.* at 24. Petitioner submitted documents with his petition, which are comprised of an appeal form, which was stamped by the appellate clerk's office on September 20, 2024, *id.* at 45, a state petition for writ habeas corpus, which contains no indication of being filed, *id.* at 49–78, an August 5, 2024, motion for a mistrial, *id.* at 82–94, and a compilation of other exhibits that are indiscernible, *id.* at 44–182.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Respondents' Motion to Dismiss **ECF No. 21** is **GRANTED.** The Petition is **DISMISSED without prejudice** to refiling a new petition after Petitioner has fully exhausted all available state court remedies.  All pending motions **(ECF Nos. 12, 14–17, 24, 25, 27, 30, 31, and 32)** are **DENIED as moot.**

Furthermore, the court concludes that jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies on all grounds asserted in this Petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find the correctness of the district court's decision debatable).

**The Clerk of Court respectfully is instructed to please terminate this case.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 22nd day of January, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE